UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
OKEY AZUIKE,

                   Plaintiff,

     - against -          **MEMORANDUM AND ORDER**

BNY MELLON, BANK OF NEW YORK      12 Civ. 5198 (NRB)
MELLON CORP., BANK OF NEW YORK CORP.,
and John Doe Corporations 1-10,

                 Defendants.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. Introduction

Plaintiff Okey Azuike commenced this action against defendants BNY Mellon, Bank of New York Mellon Corp., Bank of New York Corp., and John Doe Corporations 1-10, asserting discrimination, harassment, and retaliation in employment on the basis of his color, race, and national origin. He also asserted claims for intentional and negligent infliction of emotional distress. Presently before the Court are defendants' motion to dismiss plaintiff's complaint and defendants' motion to impose sanctions against plaintiff and his former counsel. For the reasons stated below, defendants' motion to dismiss is granted and their motion for sanctions is denied.

## II. Background

In 1998, plaintiff "was hired by The Bank of New York Corporation as a Night Shift Console Operator." Compl. ¶ 7. In

July 2008, he was allegedly promoted to a Software Systems Specialist III. Id. ¶ 10. Throughout his tenure working for defendants, plaintiff allegedly "never once received a disciplinary report or warning" and "never received a negative performance evaluation." Id. ¶ 11. Nonetheless, plaintiff was allegedly compensated less than similarly situated coworkers, see id. ¶¶ 16-18, passed over for a promotion that many allegedly less-qualified colleagues received, see id. ¶¶ 21-24, and subjected to a hostile work environment, see id. ¶¶ 42-44. When plaintiff filed complaints with defendants, the discriminatory treatment allegedly not only continued, see id. ¶¶ 25-31, 44, but also intensified in retaliation for plaintiff's complaints, see id. ¶¶ 45-47. On September 21, 2009, plaintiff's employment was terminated. See id. ¶ 33.

On January 6, 2010, plaintiff filed a Charge of Discrimination against defendants with the Equal Employment Opportunity Commission (the "EEOC"), claiming that defendants discriminated against him based on race and national origin and that he was subject to retaliation. See EEOC Charge of Discrimination, Ex. A. Kirschner Aff. in Supp. of Rule 11 Mot. [hereinafter Kirschner Aff.]. Plaintiff's allegations of discrimination and retaliation in his EEOC Charge were substantially similar to his allegations in the present Complaint. See id.

On July 23, 2010, plaintiff filed a Voluntary Bankruptcy Petition pursuant to Chapter 7 in the United States Bankruptcy Court for the District of New Jersey.  See Voluntary Petition, Ex. B, Kirschner Aff.  Plaintiff was represented by counsel in the filing of this petition.  See id.  In response to the instruction, "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case," plaintiff failed to disclose his pending EEOC claim.  Id. at 27.  Further, in the schedule for personal property, plaintiff did not disclose his EEOC claim, and placed a checkmark for "None" next to "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."  Id. at 10.  The bankruptcy court issued a discharge order on October 29, 2010, and the case was closed on November 5, 2010.  See Bankruptcy Docket, Ex. C, Kirschner Aff.

On April 6, 2012, the EEOC sent plaintiff a "right to sue letter," stating: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."  EEOC Dismissal and Notice of Rights, Ex. D, Kirschner Aff.  Plaintiff then commenced the present action on July 3, 2012.  At that time, plaintiff's counsel, Mr. Michael J.P. Schewe, was unaware of plaintiff's prior bankruptcy.  See Certification of Counsel in Opp'n to

Defs.' Mot. for Rule 11 Sanctions Against ScheweLaw, LLC Only ¶¶ 4, 12(a) [hereinafter Schewe Aff.]; Defs.' Reply Mem. of Law in Further Supp. of Their Mots. to Dismiss and for Rule 11 Sanctions 7 [hereinafter Defs.' Reply].

On August 21, 2012, defendants' counsel, Kenneth Kirschner, sent a letter to Mr. Schewe informing him of plaintiff's failure to disclose his EEOC claim in his prior bankruptcy proceeding. See Letter from Kenneth Kirschner to Michael J.P. Schewe (Aug. 21, 2012), Ex. E, Kirschner Aff. The letter explained why that omission deprived plaintiff of standing to pursue the present action and stated that if plaintiff's complaint was not withdrawn within fourteen days -- by September 4, 2012 -- defendants would seek sanctions against plaintiff and his counsel. See id.

On August 31, 2012, Mr. Schewe sent an email to Mr. Kirschner stating that he was looking into the issue of standing and requesting an additional two weeks to respond.[1] Letter from Michael J.P. Schewe to Kenneth Kirschner (Aug. 31, 2012), Ex. F, Kirschner Aff. On September 5, 2012, Mr. Kirschner sent Mr. Schewe an email stating that, unless plaintiff's complaint was withdrawn with prejudice by September 7, 2012, defendants would oppose any stipulation of dismissal "unless some provision for

---

[1] That same day, Ms. Vi T. Vu, counsel for defendants, sent Mr. Schewe a copy of plaintiff's bankruptcy petition and the bankruptcy docket. See Letter from Vi T. Vu to Michael J.P. Schewe (Aug. 31, 2012), Ex. G, Kirschner Aff.

[their] costs and fees [was] made." Letter from Kenneth Kirschner to Michael J.P. Schewe (Sept. 5, 2012), Ex. H, Kirschner Aff. On September 6, 2012, Mr. Schewe wrote to Mr. Kirschner that he would have a response by the following morning. Letter from Michael J.P. Schewe to Kenneth Kirschner (Sept. 6, 2012), Ex. I, Kirschner Aff.

On the afternoon of September 7, 2012, not having received a response from Mr. Schewe, see Kirschner Aff. ¶ 11, Mr. Kirschner sent him an email stating that, if he did not receive a response that day, he would "proceed with drafting an appropriate motion to dismiss and/or for sanctions." Letter from Kenneth Kirschner to Michael J.P. Schewe (Sept. 7, 2012), Ex. I, Kirschner Aff. On September 10, 2012, Mr. Schewe sent Mr. Kirschner an email stating that he was waiting to hear back from plaintiff's bankruptcy attorney and would respond to Mr. Kirschner once he had. Letter from Michael J.P. Schewe to Kenneth Kirschner (Sept. 10, 2012), Ex. J, Kirschner Aff. Later that day, Mr. Kirschner sent Mr. Schewe a letter stating that, if plaintiff did not withdraw his complaint with prejudice by 5:00 p.m., defendants would move for Rule 11 sanctions. Letter from Kenneth Kirschner to Michael J.P. Schewe (Sept. 10, 2012), Ex. K, Kirschner Aff. That evening, not having heard from Mr. Schewe, see Kirschner Aff. ¶ 14, Mr. Kirschner sent him a draft Rule 11 Motion and stated his intention to file it twenty-one

days later, on October 1, 2012.  Letter from Kenneth Kirschner to Michael J.P. Schewe (Sept. 10, 2012), Ex. L, Kirschner Aff.

On September 18, 2012, Mr. Schewe sent Mr. Kirschner a letter which sought to distinguish the case cited by defendants in support of their position that plaintiff lacked standing. See Letter from Michael J.P. Schewe to Kenneth Kirschner (Sept. 18, 2012), Ex. M, Kirschner Aff.  Three days later, after reviewing further authority, Mr. Schewe sent Mr. Kirschner an email stating that, even if plaintiff lacked standing, the appropriate course of action would not be dismissal, but rather substitution of the bankruptcy trustee as plaintiff.  See Letter from Michael J.P. Schewe to Kenneth Kirschner (Sept. 21, 2012), Ex. N, Kirschner Aff.  Plaintiff did not withdraw his complaint by October 1, 2012, and, indeed, has not done so to date.  Thus, on November 6, 2012, defendants filed a motion to dismiss as well as a motion for sanctions against both plaintiff and Mr. Schewe.

On November 7, 2012, Mr. Schewe submitted a letter to the Court in which he requested to be relieved as plaintiff's attorney of record.  See Letter from Michael J.P. Schewe to the Court (Nov. 7, 2012).  On November 20, 2012, we sent all counsel a letter stating that the request to withdraw failed to comply with Local Civil Rule 1.4.  See Letter from the Court to Michael J.P. Schewe, Kenneth Kirschner, and Vi T. Vu (Nov. 20, 2012).

Following our receipt of a corrected application to withdraw by Mr. Schewe, we issued an Order on December 20, 2012, granting Mr. Schewe's application but requiring him to respond to defendants' motion for sanctions as against him.[2] Mr. Schewe submitted an opposition on January 28, 2013, to which defendants submitted a reply on March 1, 2013.[3] Plaintiff has not submitted an opposition either to defendants' motion to dismiss or to their motion for sanctions.

Finally, in a letter dated January 30, 2013, the trustee in plaintiff's bankruptcy, John W. Sywilok, informed us that, upon motion by plaintiff's counsel, the Bankruptcy Court had reopened plaintiff's bankruptcy proceedings on January 23, 2013. See Letter from John W. Sywilok to the Court (Jan. 30, 2013). Mr. Sywilok enclosed the Bankruptcy Court's Order, which stated:

> ORDERED that the debtor's chapter 7 case is reopened; that schedule B #21 is amended to reference a charge of discrimination against Bank of NY $ unknown; that schedules C is amended to claim the applicable exemption that debtor statement of financial affairs is amended to list a charge of discrimination against Bank of NY $ unknown as an administrative proceeding and that the chapter 7 trustee take appropriate action to administer or abandon said asset.

In re Azuike, No. 10-32628DHS (Bankr. D.N.J. Jan. 23, 2013). On April 25, 2013, Mr. Sywilok notified the Court that "[he] ha[d]

---

[2] We also extended the deadline for plaintiff to respond to defendants' Motion to Dismiss and Motion for Sanctions.

[3] By endorsement dated February 7, 2013, we had extended defendants' time to reply to March 1, 2013.

abandoned [his] interest in the cause of action and the bankruptcy case was closed on March 6, 2013." Letter from John W. Sywilok to the Court (Apr. 25, 2013).

### III. Discussion

### A. Legal Standard

### 1. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Where plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. In applying this standard, a court must accept as true all well-pleaded factual allegations and must draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). The Court may also "properly consider 'matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit.'" Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011)

(quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

## 2. Motion for Sanctions

Under Rule 11(b) of the Federal Rules of Civil Procedure, "[b]y presenting to the court a pleading, written motion, or other paper," an attorney certifies "to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,]" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Although, as a general matter, "Rule 11 does not impose a continuing obligation on the presenter to update, correct or withdraw any pleading, written motion or other paper which, when presented, satisfies the requirements of the Rule," Fuerst v. Fuerst, 832 F. Supp. 2d 210, 219 (E.D.N.Y. 2011) (quoting Carlton Group, Ltd. v. Tobin, No. 02 Civ. 5065 (SAS), 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003))

(internal quotation marks omitted), Rule 11 is nevertheless implicated "where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that [the claim] was groundless," <u>id.</u> at 220 (alteration in original) (quoting <u>Carlton Group</u>, 2003 WL 21782650, at *7) (internal quotation mark omitted).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The Second Circuit has held that "the standard for triggering sanctions under Rule 11 is 'objective unreasonableness,'" <u>Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.</u>, 682 F.3d 170, 178 (2d Cir. 2012) (quoting <u>Margo v. Weiss</u>, 213 F.3d 55, 65 (2d Cir. 2000)), and has admonished district courts that any decision to sanction a party or attorney must be "made with restraint and discretion," <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 57 (2d Cir. 2000) (quoting <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 334 (2d Cir. 1999)) (internal quotation mark omitted). Finally, a sanction imposed pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and "may include . . . , if imposed on motion and

warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

## B. Analysis

### 1. Defendants' Motion to Dismiss

Defendants have moved to dismiss plaintiff's Complaint on two grounds: (1) plaintiff lacks standing, and (2) plaintiff's Complaint is barred by judicial estoppel. Although it is not clear whether plaintiff's Complaint should be dismissed for lack of standing,[4] we need not resolve this issue because defendants are correct that judicial estoppel bars plaintiff's Complaint.

---

[4] On the one hand, "a debtor [in bankruptcy protection] is obligated 'to disclose all his interests at the commencement of a case,'" Ibok v. Siac-Sector Inc., No. 05 Civ. 6584 (GBD) (GWG), 2011 WL 293757, at *4 (S.D.N.Y. Feb. 2, 2011) (quoting Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008)); "undisclosed assets automatically remain property of the estate after the case is closed," id. (quoting Chartschlaa, 538 F.3d at 122) (internal quotation marks omitted); and, "even after discharge of the bankruptcy estate, the debtor 'lacks standing to pursue' a claim that he failed to disclose," id. (quoting Coffaro v. Crespo, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010)). Here, even though the present action did not exist at the time of plaintiff's original bankruptcy proceedings, plaintiff was obligated to disclose all potential claims that existed at the time he filed for bankruptcy, and his failure to disclose his EEOC claim arguably deprives him of standing to pursue the present action, which is based on the same alleged pre-petition injuries. See Kassner v. 2nd Avenue Delicatessen Inc., No. 04 CV 7274 (GBD), 2005 WL 1018187, at *2-*4 (S.D.N.Y. Apr. 29, 2005); see also Voluntary Petition at 10, Ex. B, Kirschner Aff. (requiring the debtor to list "[o]ther contingent and unliquidated claims of every nature"). Furthermore, although plaintiff's bankruptcy case was reopened and his petition was amended to record his EEOC claim, "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4 (1992) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)) (internal quotation marks omitted). On the other hand, there is authority that "abandonment or exemption may restore a plaintiff's standing." Vanderheyden v. Peninsula Airport Com'n, No. 4:12cv46, 2013 WL 30065, at *14 (E.D. Va. Jan. 2, 2013).

Judicial estoppel is often applied "to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." Ibok v. SIAC-Sector Inc., 470 F. App'x 27, 28 (2d Cir. 2012) (quoting Coffaro v. Crespo, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010)) (internal quotation marks omitted). Specifically, the doctrine applies when "1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." Oklahoma Firefighters Pension & Retirement System v. Student Loan Corp., No. 12 Civ. 895 (NRB), 2013 WL 3212297, at *10 n.6 (S.D.N.Y. June 25, 2013) (quoting DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010)) (internal quotation marks omitted). Further, because "[t]he purpose of judicial estoppel is . . . 'to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment,'" In re Adelphia Recovery Trust, 634 F.3d 678, 696 (2d Cir. 2011) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)), the Second Circuit "limit[s] 'judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain,'" DeRosa, 595 F.3d at 103

(quoting <u>Uzdavines v. Weeks Marine, Inc.</u>, 418 F.3d 138, 148 (2d Cir. 2005)).

Here, judicial estoppel bars plaintiff's Complaint.  First, plaintiff's present position -- that he has a claim for discrimination, harassment, and retaliation against defendants based on injuries suffered during his pre-petition employment with defendants -- is clearly inconsistent with his representation to the bankruptcy court that no such claim existed.  See <u>Ibok v. Siac-Sector Inc.</u>, No. 05 Civ. 6584 (GBD) (GWG), 2011 WL 293757, at *7 (S.D.N.Y. Feb. 2, 2011) (applying judicial estoppel where "[plaintiff]'s pursuit of this lawsuit is entirely inconsistent with his position in the bankruptcy court [omitting the instant action] inasmuch as his pursuit of the lawsuit here is necessarily premised on his ownership of and standing to pursue the claims against the defendants").  Second, the bankruptcy court adopted plaintiff's representation that such a claim did not exist when it discharged his debts and closed the bankruptcy case.  See <u>id.</u> ("The bankruptcy court, in discharging [plaintiff] and closing his case, adopted [his] stated position that he did not have any outstanding legal claims.").  Third, for the reasons presented in the discussion below regarding bad faith, we find that plaintiff's omission of his EEOC claim was done in an attempt to obtain unfair advantage, specifically, to prevent the trustee from pursuing

his claim for the benefit of his creditors while preserving his ability to recover on the claim himself.  See id. at *8 (distinguishing cases cited by the plaintiff that did not apply judicial estoppel by reasoning that, in those cases, "the courts found that there was no evidence of plaintiff's intention, inter alia, 'to obtain unfair advantage.'" (quoting Reciprocal Merch. Servs., Inc. v. All Adver. Assocs., Inc., 163 B.R. 689, 697 (S.D.N.Y. 1994))).

Further, this is a situation where applying judicial estoppel is necessary to protect judicial integrity.  "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets."  Id. at *6 (quoting Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)) (internal quotation mark omitted).  However, "allowing a debtor to 'back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them'" -- an approach that "would only diminish a debtor's incentive to provide a true and complete disclosure of her assets to the bankruptcy courts."  Vanderheyden v. Peninsula Airport Comm'n, No. 4:12cv46, 2013 WL 30065, at *14 (E.D. Va. Jan. 2, 2013) (quoting Moses v. Howard Univ. Hosp., 606 F.3d 789, 800 (D.C. Cir. 2010)).  Thus, despite the fact that

plaintiff was permitted to reopen his bankruptcy case and amend his filings to reflect his EEOC claim, it would violate the integrity of the judicial system to allow him to pursue the present action.

An exception to the normal application of judicial estoppel applies "if the first statement or position at issue resulted from a 'good faith mistake or an unintentional error.'" Ibok, 2011 WL 293757, at *7 (quoting Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 n.2 (2d Cir. 1999)). Although the Second Circuit has not established a standard for when to apply this exception in cases like that at bar, several district courts in this Circuit have ruled that "failure to disclose assets will only be deemed inadvertent or due to mistake when either the debtor has [1] no knowledge of the claims or [2] no motive to conceal the claims." Id. (quoting Coffaro v. Crespo, 721 F. Supp. 2d 141, 146 (E.D.N.Y. 2010)).

Applying this standard here, we cannot conclude that plaintiff's omission of his EEOC claim resulted from a "good faith mistake or an unintentional error." First, at the time he filed his bankruptcy petition, plaintiff clearly had knowledge of his EEOC claim, as he had filed it only six-and-one-half months earlier. Second, plaintiff plainly had a motive to conceal his EEOC claim. "Had the trustee known about the claim, [he] might have attempted to sell the claim or to have extracted

a settlement from the defendants in this case for the benefits of [plaintiff]'s creditors.  The concealment of [plaintiff's] claim, by contrast, would put any recovery on the claim beyond the reach of his creditors." Id. at *8 (citations omitted).  In short, the circumstances of this case meet the standard for applying judicial estoppel, and the "good faith omission" exception does not apply.  Therefore, plaintiff's Complaint is barred by judicial estoppel.

## 2. Defendants' Motion for Sanctions

Defendants have moved for sanctions pursuant to Rule 11 against both plaintiff and Mr. Schewe.  Sanctions are appropriate, they argue, because "Plaintiff cannot assert any nonfrivolous argument for extending, modifying or reversing . . . existing law or for establishing new law" and because "Plaintiff's refusal to withdraw his Complaint is objectively unreasonable and can only be construed as being done for the purpose of harassment and increasing the cost of litigation for Defendants."  Defs.' Mem. of Law in Supp. of Their Mot. for Rule 11 Sanctions 8-9 [hereinafter Defs.' Mot. for Sanctions].  With particular regard to Mr. Schewe, defendants argue that "although [he] was not aware that Plaintiff had filed for bankruptcy [at the time that plaintiff's Complaint was filed], Defendants brought that fact to his attention on August 21, 2012," and yet he "refus[ed] to withdraw

the Complaint or take timely and appropriate action" and did not request to withdraw as counsel until two-and-one-half months later.  Defs.' Reply 7.

As a sanction for plaintiff's and Mr. Schewe's alleged violations of Rule 11, defendants seek "reasonable attorneys' fees incurred in connection with Defendants' preparation and filing of both motions."    Defs.' Mot. for Sanctions 9. Defendants have calculated that, from August 21, 2012, through October 31, 2012, these fees equaled $36,939.50.  See Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss Pl.'s Compl. 12 n.6 [hereinafter Defs.' MTD]; see also Kirschner Aff. in Supp. of Defs.' Mot. to Dismiss Pls.' Compl. ¶¶ 16-17 [hereinafter Kirschner MTD Aff.].  Plaintiffs seek these sanctions not only through their Rule 11 motion, but also through their Motion to Dismiss, presumably relying on the Court's inherent power to sanction.

### a. Rule 11 Sanctions Against Plaintiff

The entry of Rule 11 sanctions against plaintiff is not warranted.  There is no basis to conclude that, at the time this case was filed, plaintiff understood how the failure to report a pending claim before the EEOC on his bankruptcy petition would prevent him from pursuing a civil action against his employer. Further, given that Mr. Schewe was not aware of plaintiff's bankruptcy at the time the Complaint was filed, he was not in a

position to advise plaintiff on the issues addressed in this opinion.

At some point after August 21, 2012, when defendants informed Mr. Schewe of plaintiff's bankruptcy and presented their argument for why the Complaint should be withdrawn, Mr. Schewe discussed the issue with plaintiff. See Schewe Aff. ¶ 12(d). Given that Mr. Schewe "sincerely believed and believe[s] that . . . [defendants' counsel] has presented no case law that compels a plaintiff to voluntarily dismiss his complaint under facts similar to the instant matter," id. ¶ 12(c), it seems plausible, even likely, that plaintiff believed that his decision not to withdraw his Complaint was legally justified. In light of these considerations, we cannot conclude that plaintiff's filing of or continued prosecution of his case warrants Rule 11 sanctions.

### b. Rule 11 Sanctions Against Mr. Schewe

We also decline to impose Rule 11 sanctions against Mr. Schewe. As discussed above, Mr. Schewe was not aware of plaintiff's bankruptcy at the time the Complaint was filed. After being informed of the bankruptcy on August 21, 2012, Mr. Schewe kept Mr. Kirschner informed of his progress in reviewing the issues raised, discussed those issues with his client, and presented to Mr. Kirschner his objections to Mr. Kirschner's interpretation of relevant authority. See Schewe Aff. ¶ 12. On

November 7, 2012, when he "felt [he] could no longer adequately represent Mr. Azuike," who had refused to voluntarily dismiss his Complaint, Mr. Schewe sought to withdraw as counsel.  Id. ¶ 12(f); see also id. ¶¶ 12(d), 16.  On their face, Mr. Schewe's actions do not strike us as the objectively unreasonable conduct by counsel that would merit sanctions pursuant to Rule 11. Rather, Mr. Schewe took a measured and deliberate approach.

Moreover, although we find, as discussed above, that judicial estoppel requires the dismissal of plaintiff's Complaint, we do not believe that Mr. Schewe adopted an objectively unreasonable position in arguing, prior to the bankruptcy case's reopening, that the trustee should be afforded an opportunity to intervene.  See Letter from Michael J.P. Schewe to Kenneth Kirschner (Sept. 21, 2012), Ex. N, Kirschner Aff.  There is authority in this Circuit that "[w]here a former debtor commences an action and asserts claims that belong to her bankruptcy estate, the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor."  Kohlbrenner v. Victor Belata Belting Co., No. 94-CV-0915E(H), 1998 WL 328639, at *2 (W.D.N.Y. June 3, 1998); see also Kassner v. 2nd Avenue Delicatessen Inc., No. 04 CV 7274 (GBD), 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005) ("Instead of dismissing the debtor's case, it is generally preferable to permit the bankruptcy

trustee to be substituted, as the named plaintiff, in place of the debtor.").

Further, as discussed above, courts in this Circuit have reasoned that whether a claim omitted from a plaintiff's bankruptcy petition is barred by judicial estoppel depends on whether the plaintiff acted in bad faith in failing to disclose the claim. See Ibok v. Siac-Sector Inc., No. 05 Civ. 6584 (GBD) (GWG), 2011 WL 293757, at *7 (S.D.N.Y. Feb. 2, 2011). Although we do not agree with Mr. Schewe that "the omission of the EEOC proceedings is at worst an innocent mistake," Letter from Michael J.P. Schewe to Kenneth Kirschner, at 2 (Sept. 18, 2012), Ex. M, Kirschner Aff., we nonetheless recognize that the inquiry into whether judicial estoppel applies "is inherently case-specific," Ibok, 2011 WL 293757, at *6, and we cannot conclude that it was objectively unreasonable for Mr. Schewe to argue that plaintiff omitted his EEOC claim in good faith. Thus, because it was reasonable for Mr. Schewe to argue that plaintiff was not required immediately to dismiss his Complaint, but rather that the bankruptcy trustee should be given an opportunity to intervene, Rule 11 sanctions against Mr. Schewe are not warranted.

### c. Sanctions Pursuant to the Court's
### Inherent Authority

In addition to moving for attorney's fees pursuant to Rule 11, defendants seek attorney's fees in their motion to dismiss, presumably relying on our inherent power to sanction parties and attorneys.   As the Supreme Court recently explained: "Notwithstanding the American Rule, . . . we have long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1175 (2013).  Specifically, "a court has inherent power to award attorney's fees [1] to a party whose litigation efforts directly benefit others, [2] to sanction the willful disobedience of a court order, and [3] to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).

Here, the first two grounds for awarding sanctions clearly do not apply with regard to either plaintiff or Mr. Schewe.  The third ground also does not apply to plaintiff or Mr. Schewe, for the reasons set out above in the discussion of Rule 11 sanctions.  Thus, we decline to exercise our inherent power to award attorney's fees in favor of defendants.

## IV. Conclusion

For the reasons stated above, defendants' motion to dismiss is granted and their motion for Rule 11 sanctions is denied. The Clerk of the Court shall close the case.

**SO ORDERED.**

Dated:     New York, NY
           July 29, 2013

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:


Plaintiff:

Okey Azuike
359 Yale Avenue
Hillside, NJ 07205


Former Counsel for Plaintiff:

Michael J.P. Schewe, Esq.
ScheweLaw, LLC
16 Green Street, 3rd Floor
Newark, NJ 07102-3616


Counsel for Defendants:

Kenneth Kirschner, Esq.
Vi T. Vu, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022